**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYNOR ROLANDO MELGAR-LOPEZ, | No. 11-72005 |
| Petitioner, | Agency No. A070-928-455 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Mynor Rolando Melgar-Lopez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

We do not consider the materials Melgar-Lopez references and submits for the first time with his reply brief. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

Melgar-Lopez testified he experienced trouble in Guatemala after he refused to hand out political pamphlets during the civil war, and that he was unaware of anyone in particular who might harm him if he returned to Guatemala. Substantial evidence supports the agency's determination that Melgar-Lopez failed to establish past persecution or a fear of future persecution on account of an enumerated ground. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992) ("[S]ince the statute makes motive critical, [an applicant] must provide *some* evidence of it, direct or circumstantial."). We reject Melgar-Lopez's contention that the IJ erred in its analysis. Thus, Melgar-Lopez's asylum and withholding of removal claims fail. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

Finally, substantial evidence also supports the agency's denial of CAT relief because Melgar-Lopez failed to show that it is more likely than not that he would

be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

11-72005